IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 23-3228

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

DONALD J. TRUMP,

*Defendant-Appellant*

_____

GOVERNMENT'S OPPOSED MOTION
FOR EXPEDITED APPELLATE REVIEW

_____

Pursuant to Fed. R. App. P. 2, the United States of America respectfully requests that the Court expedite defendant-appellant Donald J. Trump's appeal from the district court order dated December 1, 2023. Counsel for the defendant opposes this motion.

Background

A grand jury charged the defendant in a four-count indictment, ECF No. 1, and trial is scheduled to begin on March 4, 2024. In a single ruling with accompanying order, dated December 1, 2023, *see* ECF Nos. 171, 172, the district court denied two motions by the defendant to

dismiss the indictment on presidential-immunity (ECF No. 74) and various constitutional (ECF No. 113) grounds. On December 7, the defendant noticed an appeal. ECF No. 177. In seeking a stay in the district court, the defendant suggested he intended to appeal the district court's rulings denying his claims that dismissal was warranted on grounds of presidential immunity and "principles of double jeopardy," ECF No. 178 at 2, namely, that his acquittal in impeachment proceedings precluded his later criminal prosecution.

## Argument

The public has a strong interest in this case proceeding to trial in a timely manner. The trial cannot proceed, however, before resolution of the defendant's interlocutory appeal. To further the imperative public interest in a timely trial, the Government seeks a full and final resolution of the defendant's claims—that he is absolutely immune from federal prosecution for crimes committed while in office or is constitutionally protected from federal prosecution where he was impeached but not convicted before the criminal proceedings begin—before the March 4, 2024 trial date. "The public interest in a broad sense, as well as the constitutional guarantee, commands prompt disposition of criminal

2

charges," *Strunk v. United States*, 412 U.S. 434, 439 n.2 (1973), as the district court has recognized when it set trial for March 4, *see* ECF No. 38 at 53 (Aug. 28, 2023) (district court noting that "the public has a right to a prompt and efficient resolution of this matter"); *id.* at 55 (setting trial date of March 4, 2024, in part to "ensure [fulfillment of] the public's interest in seeing this case resolved in a timely manner"); *see also Cobbledick v. United States*, 309 U.S. 323, 325 (1940) ("[E]ncouragement of delay is fatal to the vindication of the criminal law.").

To that end, the Government is concurrently filing both a motion to expedite proceedings in this Court and a petition for a writ of certiorari before judgment in the Supreme Court, with an accompanying motion to expedite proceedings in that Court. When the Supreme Court acts on the Government's petition for a writ of certiorari before judgment, the Government will promptly advise this Court. While the Supreme Court is considering the petition, however, this Court has jurisdiction over the defendant's appeal, and immediate entry of an expedited schedule in this Court will ensure that this Court can resolve the defendant's claims with enough time for the Supreme Court to hear and decide the case during

3

its current Term in the event that the Supreme Court elects not to grant certiorari before judgment at this time.

Expediting the appeal will avoid undue delay and is a common procedure in interlocutory appeals. *See, e.g.*, *Singh v. Berger*, 56 F.4th 88, 95 (D.C. Cir. 2022); *United States v. Williams Companies, Inc.*, 562 F.3d 387, 393 (D.C. Cir. 2009); *United States v. Phillip Morris Inc.*, 347 F.3d 951, 952 (D.C. Cir. 2003); *National R.R. Passenger Corp. v. ExpressTrak, L.L.C.*, 330 F.3d 523, 526 (D.C. Cir. 2003); *see also Coinbase, Inc. v. Bielski*, 599 U.S. 736, 745 (2023) (noting that courts of appeals "possess robust tools to prevent unwarranted delay and deter frivolous interlocutory appeals," including that parties may "ask the court of appeals to . . . expedite an interlocutory appeal . . . or to dismiss the interlocutory appeal as frivolous"). Indeed, the Court has expedited the briefing schedule and oral argument in a prior interlocutory appeal in this case. *See United States v. Trump*, No. 23-3190, Order (D.C. Cir. Nov. 3, 2023) (appellant's opening brief due five days after order; appellee's brief due six days later; appellant's reply brief due three days after the appellee's brief; oral argument scheduled for 17 days from the date of the order); *see United States v. Trump*, No. 23-3190, Slip Op. at

4

11 (D.C. Cir. Dec. 8, 2023) (explaining that the court "set a highly expedited schedule" given the "approaching trial date"); *cf. In re Sealed Case*, No. 23-3001, Order (D.C. Cir. Jan. 25, 2023) (providing similarly expedited schedule in related matter); *In re Sealed Case*, No. 23-5044, Order (Mar. 11, 2023) (same).

The same expeditious approach is appropriate here. That is particularly true in light of the defendant's assertion that he is immune from criminal prosecution. *See Clinton v. Jones*, 520 U.S. 681, 686 (1997) (noting that "immunity questions should be decided at the earliest possible stage of litigation"). Expedited proceedings are likewise appropriate because the facts at this stage in the proceedings are "undisputed," because the indictment's allegations must be accepted as true, and the appeal will likely present discrete legal issues that were "well briefed in the parties' motion papers." *United States v. Glover*, 731 F.3d 41, 45 (D.C. Cir. 1984) (per curiam).

Wherefore, the Government respectfully requests that this Court expedite the briefing schedule and oral argument. Specifically, the Government requests that the Court require that the defendant's opening brief be due no later than ten days from the entry of a briefing

5

order. The Government is prepared to file its appellee brief within one week of the defendant's opening brief. Any reply brief should be due no later than three days after the appellee brief, and any oral argument should be scheduled promptly as appropriate thereafter.

December 11, 2023                    Respectfully submitted,

                                                      JACK SMITH
                                                     Special Counsel

                                                     /s/ *James I. Pearce*
                                                     Assistant Special Counsel
                                                     Michael R. Dreeben
                                                     Counselor to the Special Counsel
                                                     950 Pennsylvania Ave, N.W.
                                                     Washington, D.C. 20530
                                                     202-532-4991

## CERTIFICATE OF COMPLIANCE

1.  This document complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 954 words.

2.  This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point type Century font.

/s/ *James I. Pearce*
James I. Pearce

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2023, I electronically filed the foregoing Government's Motion to Expedite with the Clerk of the Court of the U.S. Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/ *James I. Pearce*
Assistant Special Counsel
950 Pennsylvania Ave, N.W.
Washington, D.C. 20530
202-532-4991