IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————

No. 23-3228

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

DONALD J. TRUMP,

*Defendant-Appellant*

———————

REPLY IN SUPPORT OF GOVERNMENT'S MOTION
FOR EXPEDITED APPELLATE REVIEW

———————

None of the arguments in defendant-appellant Donald J. Trump's opposition ("Opp.") to the Government's motion to expedite this case has merit. Rather, consistent with the public importance of promptly resolving this case and the parties' deep familiarity with the issues, expedited briefing and argument is warranted. Indeed, that approach is consistent with this Court's expedited handling of multiple appeals stemming from this matter. This case should be no exception to that practice. The Government's motion should be granted.

1. The defendant first contends (Opp. 2-5) that this case does not satisfy the standard to warrant expedition. But as he acknowledges, an expedited schedule is appropriate where "the public generally" has an "unusual interest in prompt disposition." *Id.* at 2 (citing D.C. Circuit Handbook of Practice and Internal Procedures 34 (2021)). Both the district court and this Court have recognized a compelling interest in promptly moving this case to trial. As this Court recently observed, the defendant "has repeatedly asked to push back the trial date in this case," requests that the district court has repeatedly "considered and denied." *Trump*, 2023 WL 8517991, at *20. Any further delay in this case would "entail serious costs to the judicial system," *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1075 (1991), and "frustrate the public's interest in the swift resolution of criminal charges," *Trump*, 2023 WL 8517991, at *20. Expediting the appeal in this case is necessary to vindicate the public's interest in a timely trial. *See Strunk v. United States*, 412 U.S. 434, 439 n.2 (1973)[1]; ECF No. 38 at 53, 55.

---

[1] The defendant seeks to distinguish (Opp. 4-5) *Strunk* and *Cobbledick v. United States*, 309 U.S. 323 (1940), on the facts of those cases but does not contest the principle that "encouragement of delay is fatal to the vindication of the criminal law." *Cobbledick*, 309 U.S. at 325. That principle counsels expedition here.

2

2. The defendant argues (Opp. at 9-13) that an expedited schedule does not permit the parties and this Court to give the issues on appeal due consideration. A prior appeal in this case demonstrates that expedited proceedings are entirely compatible with due consideration. In *United States v. Trump*, No. 23-3190, 2023 WL 8517991 (D.C. Cir. Dec. 8, 2023), this Court "set a highly expedited schedule" given the "approaching trial date" on March 4, 2024. *Id.* at *4. The Court expedited that appeal to a far greater extent than the Government's proposal here, *see United States v. Trump*, No. 23-3190, Order (D.C. Cir. Nov. 3, 2023), and yet the parties promptly submitted extensive briefing and this Court, 18 days after hearing argument, issued a comprehensive 68-page opinion.

The defendant's suggestion (Opp. 3-4) that expedition in that case was justified because it concerned the First Amendment overlooks that that case involved "[t]wo foundational constitutional values": "an individual's right to free speech and *the fair and effective functioning of the criminal trial process*." *Trump*, 2023 WL 8517991, at *6 (emphasis added). Expediting this case likewise furthers the constitutional value in prompt resolution of criminal charges. And the need for expedition to serve the public's interest in a prompt trial has heightened importance

3

here—not only because of nature of the issues, but because the defendant's appeal suspends trial proceedings until the appeal is resolved.

The recent decision in *Trump* is not the only case where this Court expedited proceedings related to this matter. *See In re Sealed Case*, 80 F.4th 355 (D.C. Cir. 2023) (expedited briefing and argument on Speech or Debate issue); *In re Sealed Case*, 77 F.4th 815 (D.C. Cir. 2023) (expedited briefing and argument on, *inter alia*, First Amendment challenge to nondisclosure issue); *cf. Trump v. Thompson*, No. 21-5254, Order (D.C. Cir. Nov. 11, 2021) (granting expedited briefing and argument, with opinion issued 28 days after order entered, *see Trump v. Thompson*, 20 F.4th 10 (D.C. Cir. 2021)). Expediting the briefing and argument in this interlocutory appeal is consistent with the schedule in those matters and will in no way prevent the Court from reaching a considered conclusion here.

Nor is it accurate that an expedited schedule prevents the parties from giving the issues on appeal due consideration. The defendant has extensively considered, developed, and briefed these issues for months. Within five days of the indictment, counsel for the defendant publicly

4

announced his claim that the defendant "is now immune from prosecution for acts" that he undertook while in office.[2] At a status hearing in the district court on August 28, 2023, the defendant stated his intention to file a "very complex and sophisticated motion" on "executive immunity," and was prepared to file an "extensive motion" either "this week or early next week"—i.e., by no later than September 6, 2023. ECF No. 38 at 33-34. The defendant did not adhere to that schedule. Instead, he filed a 52-page motion to dismiss on presidential-immunity grounds on October 5, 2023, ECF 74, followed by a 31-page motion to dismiss on constitutional grounds, which included a claim based on the Impeachment Judgment Clause and principles of double jeopardy, ECF No. 113. The Government responded to both motions in detailed written oppositions, *see* ECF No. 109 (54-page brief in response to presidential-immunity claim), ECF No. 139 (79-page brief in response addressing, *inter alia*, constitutional double-jeopardy claim), and the defendant then submitted lengthy replies, *see* ECF No. 122 (27-page reply in support of presidential-immunity claim); ECF No. 162 (25-page reply in support of

---

[2] https://www.nbcnews.com/meet-the-press/meet-press-august-6-2023-n1307001.

constitutional claims). That the parties have already extensively aired the issues on appeal makes this case "especially well suited for expedited disposition." *United States v. Glover*, 731 F.2d 41, 44 (D.C. Cir. 1984) (per curiam); *see id.* at 45 (noting that the issue on appeal had been "well briefed in the parties' motion papers").

3. The defendant also argues (Opp. 6-9) that expediting this appeal would violate his constitutional rights to due process and a fair trial. The thrust of that argument, however, focuses on the volume of discovery and the relationship between discovery and the March 4 trial date— arguments that are properly directed to the district court, not this Court. When confronted with those arguments, the district court carefully "balance[d] the defendant's right to adequately prepare" with its "responsibility to move the case along in the normal order," ECF No. 38 at 56, and established the March 4 trial date and corresponding pretrial deadlines. The district court has likewise accommodated some, though not all, of the defendant's many requests for additional time. *See, e.g.*, ECF No. 82 (extending time to file pretrial motions by two weeks and time for defendant to file motions to compel and motions for trial subpoenas under Fed. R. Crim. P. 17(c) by a month); ECF No. 146 (further

extensions for motions to compel and motions for trial subpoenas); ECF No. 152 (extending time for defendant to file replies in support of motions to dismiss by six days). Nothing about the district court's selection of the trial date and its careful management of the pretrial schedule, including discovery, raises a constitutional concern. But more to the point, the defendant's complaints about discovery and the trial date are wholly disconnected from the Government's request for appellate expedition.[3] The purely legal issues on appeal require assessment only of the face of the indictment.

4. Finally, the defendant urges (Opp. 13-14) the Court, if it grants the motion for expedited review, not to adopt the Government's proposed schedule because it would make his brief due the day after Christmas. But if the Court today enters a briefing order consistent with the Government's request, the defendant's brief would be due no later than December 23. In any event, the public's need for a speedy resolution of

---

[3] The defendant suggests (Opp. 8-9) that expedition would also violate "the public's First Amendment rights." But other than restating his attack on the March 4 trial date, he offers no independent explanation of how an expedited briefing and argument schedule for his presidential-immunity and double-jeopardy claims would work a First Amendment violation, either on him or the public.

7

these important legal issues take precedence over personal scheduling issues. The parties and the judicial system are fully capable of moving with the swiftness required. The Government stands ready to respond within seven days of the defendant's opening brief. The reply deadline and any oral argument should be scheduled promptly thereafter.

In any event, if the Court expedites the appeal but provides additional time for briefing, any expedited schedule should be established with a view to hearing and resolving this case in time for the Supreme Court to be able to consider granting review and scheduling argument this Term in a regularly scheduled argument session. *See* U.S. Petition for Cert. Before Judgment, *United States v. Trump*, No. 23-624, (S. Ct. filed Dec. 11, 2023).

December 13, 2023                    Respectfully submitted,

                                     JACK SMITH
                                     Special Counsel

                                     /s/ *James I. Pearce*
                                     Assistant Special Counsel
                                     Michael R. Dreeben
                                     Counselor to the Special Counsel
                                     950 Pennsylvania Ave, N.W.
                                     Washington, D.C. 20530
                                     202-532-4991

## CERTIFICATE OF COMPLIANCE

1.    This document complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,464 words.

2.    This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point type Century font.

/s/ *James I. Pearce*
James I. Pearce

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2023, I electronically filed the foregoing Government's Motion to Expedite with the Clerk of the Court of the U.S. Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/ *James I. Pearce*
Assistant Special Counsel
950 Pennsylvania Ave, N.W.
Washington, D.C. 20530
202-532-4991