**SCHEDULED FOR ORAL ARGUMENT JANUARY 9, 2024**

No. 23-3228

# In the United States Court of Appeals for the District of Columbia Circuit

UNITED STATES OF AMERICA,

*Appellee,*

*v.*

DONALD J. TRUMP,

*Appellant.*

On Appeal from the U.S. District Court for the District of Columbia
Case No. 23-cr-257 (Hon. Tanya S. Chutkan)

## MOTION OF AMERICAN OVERSIGHT FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE*

Lisa Cordara
ARNOLD & PORTER
  KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
lisa.cordara@arnoldporter.com

R. Stanton Jones
Andrew T. Tutt
Daniel Yablon*
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
(202) 942-5000
stanton.jones@arnoldporter.com

*Admitted only in California;
practicing law in the District of
Columbia under the supervision of
lawyers in the firm who are
members in good standing of the
D.C. Bar.*

*Counsel for Amicus Curiae*

## MOTION OF AMERICAN OVERSIGHT FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE*

Pursuant to Federal Rule of Appellate Procedure 29(a)(3) and Circuit Rule 29(b), American Oversight respectfully submits this motion for leave to participate as *amicus curiae* in support of dismissal of this appeal for lack of jurisdiction. Earlier this week, on December 27, 2023, American Oversight's counsel contacted the parties' counsel seeking consent to the filing of an *amicus* brief by American Oversight in this case. Counsel for the United States stated that the United States does not oppose. Former President Trump's counsel has not provided American Oversight's counsel with Mr. Trump's position.

1.    American Oversight meets all of the Rule 29 criteria for *amicus* participation. Rule 29 provides that (1) an *amicus* must have a sufficient "interest" in the case, and (2) *amicus*'s brief must be "desirable" and discuss matters "relevant to the disposition of the case." Fed. R. App. P. 29(a)(3)(A), (B); *see Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 129 (3d Cir. 2002) (Alito, J.); *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991) (reasoning that an *amicus* brief need only be "useful or otherwise necessary to the administration of justice"). To the degree there is any doubt, "it is preferable to err on the

1

side of granting leave" to file. *Neonatology*, 293 F.3d at 133. If an *amicus* brief is unhelpful, the Court can disregard it "without much trouble." *Id.* "On the other hand, if a good brief is rejected, the merits panel will be deprived of a resource that might have been of assistance." *Id.*

2.      American Oversight has a substantial interest in this case. American Oversight is a nonpartisan, nonprofit section 501(c)(3) organization committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials primarily by enforcing the public's right to government records. In furtherance of these goals, American Oversight seeks to ensure meaningful and timely accountability for public officials who attempt to abuse their power with impunity.

3.      Founded in 2017, American Oversight has exposed grave threats to American democracy, including public officials' attempts to undermine free and fair elections. Much of American Oversight's work in this area has focused on efforts by former President Trump and his allies to overturn the results of the 2020 presidential election. For instance, American Oversight obtained copies of the forged electoral certificates from seven states that were submitted to the National

Archives and Congress by supporters of Mr. Trump who sought to replace the valid presidential electors from their states.[1]  Additional records obtained by American Oversight revealed details of a coordinated, multi-state effort to undermine the electoral vote process and effectively disenfranchise millions of voters,[2] which culminated in the January 6, 2021 violent attack on the U.S. Capitol.  American Oversight also obtained various records from the key federal agencies involved in the response to the events of January 6, producing a detailed timeline of the events of that day.[3]  Since then, American Oversight has uncovered details of the involvement of several fake electors across various states in their ongoing effort to promote election-denial conspiracy theories and undermine public confidence in elections.[4]

---

[1] *American Oversight Obtains Seven Phony Certificates of Pro-Trump Electors*, American Oversight, Mar. 2, 2021, https://www.americanoversight.org/american-oversight-obtains-seven-phony-certificates-of-pro-trump-electors.

[2] *The 'Alternate Electors' Plot to Overturn the 2020 Election*, American Oversight, May 20, 2022, https://www.americanoversight.org/investigation/the-alternate-electors-plot-to-overturn-the-2020-election.

[3] *A Timeline of the Government's Response on Jan. 6, 2021*, American Oversight, https://www.americanoversight.org/timeline-jan6.

[4] *Fake Electors' Continued Involvement in Anti-Democratic and Election Denial Efforts*, American Oversight, Dec. 21, 2022,

4.     Consistent with its mission, American Oversight has a vested interest in ensuring that dilatory procedural tactics are not used to avoid accountability for efforts to subvert the U.S. Constitution and overturn the results of the 2020 presidential election.

5.     American Oversight's brief will aid the Court's consideration of this case.  The brief explains that under controlling Supreme Court and D.C. Circuit precedent, the interlocutory order at issue is not immediately appealable under the collateral order doctrine because none of Mr. Trump's arguments "rest[] upon an explicit statutory or constitutional guarantee that trial will not occur."  *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 801 (1989).  Accordingly, American Oversight submits this *amicus curiae* brief to explain that this Court lacks jurisdiction over this interlocutory appeal, and to urge the Court to dismiss the appeal and remand this case to the district court immediately for prompt trial and judgment without any further delay.  This brief is especially helpful because this Court has an independent obligation to assure itself of its jurisdiction even though neither party has disputed it.

---

https://www.americanoversight.org/fake-electors-continued-involvement-in-anti-democratic-and-election-denial-efforts.

6.     This motion is timely filed.  Circuit Rule 29(b) encourages prospective *amici* to file a motion for leave to participate "as promptly as practicable after the case is docketed in this court."  American Oversight contacted both parties to obtain consent for this brief on December 27, 2023, prior to the filing of the Government's brief.  Counsel for the United States have stated that the United States does not oppose.  Former President Trump's counsel has not provided American Oversight's counsel with Mr. Trump's position.

For the foregoing reasons, American Oversight requests that the Court grant its motion for leave to participate as *amicus curiae*.

Dated: December 29, 2023

Lisa Cordara
ARNOLD & PORTER
  KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
lisa.cordara@arnoldporter.com

Respectfully submitted,

/s/ *R. Stanton Jones*

R. Stanton Jones
Andrew T. Tutt
Daniel Yablon*
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
(202) 942-5000
stanton.jones@arnoldporter.com

*Admitted only in California; practicing law in the District of Columbia under the supervision of lawyers in the firm who are members in good standing of the D.C. Bar.*

*Counsel for Amicus Curiae*

**ADDENDUM**

**CERTIFICATE AS TO PARTIES, RULINGS, AND
RELATED CASES PURSUANT TO CIRCUIT RULE 28(a)(1)**

**A. Parties and Amici.**  Except for the *amicus* filing this brief, all
parties, intervenors, and *amici* appearing before the district court and in
this Court are listed in the Brief for Appellant and Appellee.

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Cir-
cuit Rules 27(a)(4) and 28(a)(1)(A), *amicus curiae* American Oversight
states that it has no parent corporation, and no publicly held company
has a 10% or greater ownership interest in it.

**B. Ruling Under Review.**  An accurate reference to the ruling at
issue appears in the Brief for Appellant.

**C. Related Cases.**  The following case is related within the mean-
ing of D.C. Circuit Rule 28(a)(1)(C):

- *United States v. Trump*, No. 23-3190, 2023 WL 8517991 (D.C.
  Cir. Dec. 8, 2023)

## DISCLOSURE STATEMENT PURSUANT TO
## CIRCUIT RULE 26.1

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rules 26.1 and 29(b), undersigned counsel certifies:

*Amicus curiae* American Oversight has no parent company, and no publicly held company has a 10% or greater ownership interest in it.

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 868 words, excluding the parts exempted by Fed. R. App. P. 32(f) and Cir. R. 32(e)(1). I further certify that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because the motion was prepared in 14-point Century Schoolbook font using Microsoft Word.

*/s/ R. Stanton Jones*
R. Stanton Jones

9

## CERTIFICATE OF SERVICE

I hereby certify, pursuant to Fed. R. App. P. 25(d) and Cir. R. 25, that on December 29, 2023, the foregoing motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter who are registered with the Court's CM/ECF system.

*/s/ R. Stanton Jones*
R. Stanton Jones