

**ORAL ARGUMENT SET FOR JANUARY 9, 2024**

**NO. 23-3228**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

UNITED STATES OF AMERICA,
*Appellee,*

v.

DONALD J. TRUMP,
*Defendant-Appellant.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**AMICUS CURIAE BRIEF OF
PAUL M. DORSEY
SUPPORTING APPELLANT
AND REVERSAL**

January 2, 2024

Paul M. Dorsey, *pro se*
110 Westminster Drive
West Hartford, CT  06107
(860) 521-0081
*p.dorsey@comcast.net*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

## A.  PARTIES AND AMICI CURIAE

The parties in the district court are the United States of America and former President Donald J. Trump.  The district court denied leave to file to approximately thirty seven proposed or possible amici curiae.  Their respective identities, with one exception ("D.A. Feliciano"), are unavailable.

The parties before this Court are the United States of America and former President Donald J. Trump.

*Amici Curiae* before this Court:

1.  Supporting Appellant Donald J. Trump -  Paul M. Dorsey (with consent of both parties).

2.  Supporting Appellee United States of America –

**A.** The "former officials in five republican administrations" group: Donald B. Ayer; John B. Bellinger, III; Barbara Comstock; John C. Danforth; Mickey Edwards; Charles Fried; Stuart M. Gerson, Esquire; John Giraudo; Peter D. Keisler; Edward J. Larson; J. Michael Luttig; Carter G. Phillips; Alan Charles Raul, Attorney; Paul Rosenzweig; Nicholas Rostow; Robert B. Shanks; Christopher Shays; Michael Shepherd; Larry Thompson; Stanley Twardy; Christine Todd Whitman; Wendell Willkie, II; Keith E. Whittington; Richard Bernstein (all with permission of this Court).

**B.** The "16 former prosecutors, elected officials, other government officials and constitutional lawyers" group:

Bradford A. Berenson, Gregory A. Bower, Tom Campbell, Ty Cobb, Tome Coleman, George T. Conway III, John J. Farmer Jr, Patrick J. Fitzgerald, William Kristol, Philip Allen Lacovara, John McKay, Trevor Potter, Claudine Schneider, Fern M. Smith, Olivia Troye and William F. Weld (all with consent of both parties).

3. Supporting neither party: the honorable Edwin Meese III, former Attorney General, Steven G. Calabresi and Gary S. Lawson (all with consent of both parties).

4. Supporting dismissal for lack of jurisdiction: American Oversight (with permission of this Court).

## B. RULINGS UNDER REVIEW

The December 1, 2023, Memorandum Opinion and Order of the district court issued by Hon. Tanya S. Chutkan, D.Ct. Doc. Nos. 171, 172, in United States v. Trump, No. 1:23-cr-00257 (TSC), -- F. Supp. 3d --, 2023 WL 8359833 (D.D.C. Dec. 1, 2023), Joint Appendix ("J.A.") 599-646, 647.

## C. RELATED CASES

The following cases are related cases within the meaning of D.C. Circuit Rule 28(a)(1)(C):

• Blassingame v. Trump, Nos. 22-5069, 22-7030, 22-7031 (consol.), -- F.4th--, 2023 WL 8291481 (D.C. Cir. Dec. 1, 2023) (appeal involving President Trump and the United States as amicus curiae addressing Presidential immunity for certain related alleged conduct in the civil context).

• United States v. Trump, No. 23-3190, -- F.4th --, 2023 WL 8517991 (D.C. Cir. Dec. 8, 2023) (an interlocutory appeal in this case challenging the district court's entry of a restraining order as to Donald J. Trump as an unconstitutional gag order on former President Trump's extrajudicial statements).

January 2, 2024

Paul M. Dorsey
*Pro-se*
110 Westminster Drive
West Hartford, CT  06107
(860) 521-0081
*p.dorsey@comcast.net*

## CORPORATE DISCLOSURE STATEMENT

*Amicus curiae* Paul M. Dorsey certifies that he is a natural person, and as such has

no parent corporation(s) or stock.  No Disclosure Statement under Federal Rule of

Appellate Procedure 26.1 or under Circuit Rule 26.1 is necessary, as amicus is

not a corporation or similar entity.


January 2, 2024

Paul M. Dorsey
*Pro-se*
110 Westminster Drive
West Hartford, CT  06107
(860) 521-0081
*p.dorsey@comcast.net*

## STATEMENT PURSUANT TO D.C. CIRCUIT RULE 29(d)

See pages 6-7, "Certificate of Why Separate Brief is Necessary"

## STATEMENT OF AUTHORSHIP AND
## FINANCIAL CONTRIBUTIONS

No counsel for any party authored this brief in whole or in part and no entity or

person, aside from the amicus, made any monetary contribution intended to fund

the preparation or submission of this brief.

January 2, 2024

Paul M. Dorsey
*Pro-se*
110 Westminster Drive
West Hartford, CT 06107
(860) 521-0081
*p.dorsey@comcast.net*

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES…………………………………………………………….. i

CORPORATE DISCLOSURE STATEMENT..………………………………… iv

STATEMENT PURSUANT TO D.C. CIRCUIT RULE 29(d).. ………………… v

STATEMENT OF AUTHORSHIP AND FINANCIAL CONTRIBUTIONS……vi

TABLE OF CONTENTS…………………………………………………vii

TABLE OF AUTHORITIES..………………………………………………viii

GLOSSARY………………………………………………………………ix

INTEREST OF AMICI CURIAE ……………………………………………… 1

INTRODUCTION…………………………………………………………..2

ARGUMENT………………………………………………………………… 2

CONCLUSION . . . ……………………………………………………...4

CERTIFICATE OF COMPLIANCE…………………………………………5

CERTIFICATE OF WHY SEPARATE BRIEF IS NECESSARY………………..6

CERTIFICATE OF SERVICE..………………………………………………8

# TABLE OF AUTHORITIES

**Cases**

**Statutes**

**Other Authorities:**

Randolph D. Moss, *Whether a Former President May Be
Indicted and Tried for the Same Offenses for Which
He was Impeached by the House and Acquitted by the
Senate*, 24 Op. O.L.C. 110 (Aug. 18, 2000) ........................................... 3

Jonathan Landay and Scott Malone, *Violence flares in
Washington during Trump inauguration*..................................................4

# GLOSSARY

D.E.\_\_…...........................................Docket Entry (entry number[s])

J.A.\_\_...................................................Joint Appendix (page number[s])

O.L.C. …………………………………...Office of Legal Counsel

President Trump………………………Appellant Former President Donald J. Trump

the government………………………..Appellee United States of America

## INTEREST OF THE AMICUS CURIAE

The *amicus* is a private, natural born citizen of the United States and Connecticut. He is also a citizen of Ireland. As an honorable discharged former member of the Connecticut National Guard, he previously took an oath to support and defend the Constitution of the United States against all enemies, foreign and domestic.

Reflecting his experience as an average citizen and in keeping with his oath to support and defend the Constitution, *amicus* has an interest in seeing that the Constitution of the United States is properly interpreted so as to prevent a scenario of a sitting (but corrupt and despotic) President using criminal court proceedings to bring false accusations against a former - and possible future - President.

All parties have consented to the filing of this *amicus* brief. On the morning of December 26, 2023 counsel for Appellant Donald Trump wrote that "[w]e consent to the filing of your amicus brief" and shortly thereafter counsel for the United States of America wrote that "[t]he government does not oppose the filing of an amicus brief." Accordingly, pursuant to FRAP 29(a)(2), *amicus curiae* Paul M. Dorsey, *pro-se* is authorized to file this amicus brief ("[a]ny other *amicus curiae* may file a brief . . . if the brief states that all parties have consented to its filing . . . ").

## INTRODUCTION

This brief is filed for two reasons.  First, to expand on a point – an historical observation, actually - that was made by President Trump in his opening brief but not adequately elaborated upon: "Indeed, OLC acknowledged that State constitutions typically say if they intend an impeachment acquittal to result in further prosecution" (Trump Opening Br at 49).

Second, to correct a particularly egregious historical observation made by the district court in its memorandum and opinion: "[George Washington's] decision to voluntarily leave office after two terms marked an extraordinary divergence from nearly every world leader who had preceded him, ushering in the sacred American tradition of peacefully transitioning Presidential power—a tradition that stood unbroken until January 6, 2021" (J.A. at 622).

## ARGUMENT

### I. The Prosecution Is Barred by the Impeachment Judgment Clause and Principles of Double Jeopardy.

This argument is made by President Trump in his opening brief (on pages 46-54).  It's actually the last argument made in his brief.  In presenting the argument, Trump stated that "[i]ndeed, OLC acknowledged that State constitutions

typically say if they intend an impeachment acquittal to result in further

prosecution" (Trump Opening Br at 49).

The acknowledgment from the OLC was in the form of a comprehensive

comparison of the federal Impeachment Judgment Clause with the equivalent

clauses in state constitutions:

> "Of the forty-five state constitutions that authorize
> impeachment and limit the punishment upon conviction, all
> forty-five provide for further prosecution in the courts.  In
> doing so, however, only fifteen follow the federal wording of
> "the party convicted"; thirty, by contrast, expressly provide that
> the party impeached is liable to criminal proceedings regardless
> of the outcome of the legislative trial."

*Whether a Former President May Be Indicted and Tried for the Same Offenses for
Which He was Impeached by the House and Acquitted by the Senate* 24 Op. O.L.C.
110, 115 (footnotes omitted).

The actual count quantifies the extent of just how "typical" the intention of having

an impeachment acquittal being able to allow for further prosecution.

## II. The district court erred in claiming that "American tradition of peacefully transitioning Presidential power . . . stood unbroken until January 6, 2021"

In its memorandum of opinion, the district court made the observation that:

> "[George Washington's] decision to voluntarily leave office
> after two terms marked an extraordinary divergence from nearly
> every world leader who had preceded him, ushering in the
> sacred American tradition of peacefully transitioning
> Presidential power—a tradition that stood unbroken until
> January 6, 2021" (J.A. at 622).

3

This observation is incorrect, since it ignores the American Civil War, which only started <u>after</u> President Lincoln was elected. The observation also ignores the violence that took place at President Trump's inauguration. (*See "Violence flares in Washington during Trump inauguration"* *https://www.reuters.com/article/idUSKBN1550CW/* Last visited on January 2, 2024).

**CONCLUSION:**

For the reasons stated in President's Trump's Opening Brief and this amicus brief, the district court's Memorandum Opinion and Order, J.A. 599-647, should be reversed.

January 2, 2024

Paul M. Dorsey
*Pro-se*
110 Westminster Drive
West Hartford, CT 06107
(860) 521-0081
*p.dorsey@comcast.net*

## CERTIFICATE OF COMPLIANCE WITH
## TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS,
## AND TYPE STYLE REQUIREMENTS

1.    Pursuant to Fed. R. App. P. 29(a)(5), this brief complies with

the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and D.C. Cir.

Rule 32(e)(2) because this brief contains only 731 words, excluding the

parts of the brief exempted by Fed. R. App. P. 32(f) and D.C. Cir. R.

32(e)(1).

2.    This brief complies with the typeface requirements of Fed. R.

App. P. 32(a)(5) and the type style requirements of Fed. R. App. P.

32(a)(6) because the brief has been prepared in a proportionally spaced

typeface using Microsoft Office Word97 with 14-point Time New Roman font.

January 2, 2024                    Respectfully submitted,

                                   Paul M. Dorsey
                                   *Pro-se*
                                   110 Westminster Drive
                                   West Hartford, CT  06107
                                   (860) 521-0081
                                   *p.dorsey@comcast.net*

## CERTIFICATE OF WHY SEPARATE BRIEF IS NECESSARY

This pro-se filer is aware of no other person, individual or group who intends to file with this Court an *amicus* brief supporting the appellant and reversal.

Approximately 37 entities attempted in some manner to file an *amicus* brief in the District Court, but all were denied by that court. The motions and briefs of those filers is "unavailable" on the public docket (see J.A. 7-23). Of those, only one appears to be from a pro se filer, but that persons name is also "unavailable" (see D.E. 135 on J.A. 18-19)

Today, January 2, 2024 is the last day to file an *amicus* brief in support of the appellant and reversal. Such a brief would have to be hand delivered to the clerk's office or postmarked today because all electronic filers had an earlier deadline to file: Saturday, December 30, 2023 (seven days after the President filed his opening brief on Saturday, December 23, 2023. See FRAP 29a(6) "[a]n *amicus curiae* must file its brief . . . no later than 7 days after the principal brief of the party being supported is filed" (*italics* added)).

After review of the public docket on the afternoon of January 2, 2024, no *pro-se* filer has filed a "notice of intent to file an *amicus curiae* brief" pursuant to D.C. Circuit Rule 29(b), and the guidance set forth in Section IX(A)(4) of this Court's Handbook of Practice and Internal Procedure.

Accordingly, and in light of today's deadline, it is not practicable for the

*amicus* on this brief to file a single brief with some unknown other potential

*amicus*.


January 2, 2024                          Respectfully submitted,

                                         Paul M. Dorsey
                                         *Pro-se*
                                         110 Westminster Drive
                                         West Hartford, CT  06107
                                         (860) 521-0081
                                         *p.dorsey@comcast.net*

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2024, I mailed, via United States Postal Service Express Mail the above *amicus* brief to the clerk of the court. Said clerk will in turn upload a true and correct copy of the *amicus* brief to the court's electronic filing system, which will serve by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

I also certify that I have emailed a copy of this amicus brief to all counsel of record.


January 2, 2024                            Respectfully submitted,

                                           Paul M. Dorsey
                                           *Pro-se*
                                           110 Westminster Drive
                                           West Hartford, CT  06107
                                           (860) 521-0081
                                           *p.dorsey@comcast.net*