UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

JAN - 5 2024

RECEIVED

ORAL ARGUMENT SCHEDULED JANURY 9, 2024
Case Ns. 23-3228

---

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

UNITED STATE OF AMERICA,

*Appellee,*

v.

DONALD J. TRUMP,

*Appellant-Defendant*

---

On Appeal from the United States District Court for District of Columbia

---

## BRIEF FOR AMICUS CURIAE
## LAW PROFESSOR VICTOR WILLIAMS
## IN SUPPORT OF APPELLANT DONALD J. TRUMP

---

Victor Williams,
Appearing *Pro Se*
Senior Counsel
Article II Project
4530 Shepherd Grade Road
Shepherdstown, WV 36532
571-309-8249

[Type here]

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), counsel certifies as follows:

A. **Parties, Intervenors, Amici.** Parties are appellant-defendant Donald J. Trump and appellee United States of America. There are no known intervenors. In addition to this amicus filing supporting appellant Donald Trump, amici briefs supporting the government have been lodged by American Oversight; Former Government Officials and Constitutional Lawyers; and Former Officials in Five Republican Administrations. An amici brief, supporting neither party, was lodged by Former Attorney General Edwin Meece together with Law Professors Stephen Calabrese and Gary Lawson.

B. **Ruling Under Review.** The ruling under review is the Decision and Order of the United States District Court for the District of Columbia in *USA v. Donald J. Trump*. (Hon. Tanya S. Chutkan).

C. **Related Cases.** The appellant's brief lists related cases.

Dated: January 2, 2024

/s/Victor Williams

Victor Williams
Appearing *Pro Se*
Senior Counsel
Article II Project
4530 Shepherd Grade Road
Shepherdstown, WV  36532
571-309-8249

## CERTIFICATE AS TO NECESSITY OF SEPARATE AMICUS BRIEF

Pursuant to D.C. Circuit Rule 29(d), the undersigned counsel certifies that this separate brief is necessary as amicus curiae Professor Victor Williams offers an alternative analysis with no other amicus brief lodged thus far supporting the appellant.

Dated:  January 2, 2024

/s/ Victor Williams
Victor Williams

## TABLE OF CONTENTS                *Page*

Certificate as to Parties, Rulings and Related Cases ………………………....... i

Certificate as to Necessity of Separate Amicus……………………………….ii

Table of Contents……………………………………………………………….iii

Table of Authorities…………………………………………………..…….....iv

Statement of Authorship and Financial Contribution…………….....................1

Statement of Identity, Interest, and Authority of Amicus……………..…………..1

Argument……………………………………………………………….….…2

Rule 32 Certificate of Compliance ………………………………………….8

Certificate of Service  …………………………………………..……....8

# TABLE OF AUTHORITIES

**Source**                                                         **Page(s)**

**Cases**

*Chiafalo v. Washington*, 140 S. Ct. 2316 (2020)..........................................3

*Nixon v. Fitzgerald*, 457 U.S. 731(1982)....................................................4

*In Re Grand Jury Instructions*, 916 F.3d 1047 (D.C. Cir. 2019)..................6

**Constitution**

U.S. Const. art. II, § 1 cl. 1 .........................................................................5

U.S. Const. amend XX, § 1 .........................................................................5

**Other**

Sadie Gurman, Alex Leary, and Deborah Acosta, *Merrick Garland Defends Special Counsel's Independence in Trump Case*, WALL ST. J. (June 14, 2023)....6 (www.wsj.com/articles/donald-trump-presidential-campaign-following-arraignment-4e4aeae6)

Jeff Mordock, *Seizure of Trump's Smart Phone Puts Special Counsel in Uncharted Water*, WASH. TIMES (Dec. 29, 2023)...........................................4 (www.washingtontimes.com/news/2023/dec/29/seizure-of-trumps-smartphone-data-puts-special-cou/)

Clinton Rossiter and Richard B. Morris, 1787:THE GRAND CONVENTION (1987)...................................................................................3

Kimberly Strassell, *The Unprecedented Jack Smith*, WALL. ST. J. (Aug 3, 2023)..6 (www.wsj.com/articles/the-unprecedented-jack-smith-special-counsel-donald-trump-president-fraud-c076a2ee)

## STATEMENT OF AUTHORSHIP AND FINANCIAL CONTRIBUTION

This brief is offered by amicus as an individual. Any institutional affiliation is noted for identity purposes only. No party's counsel authored this brief in whole or in part, and no party, nor other person, contributed money intended to fund the preparation or submission of this brief.

## STATEMENT OF IDENTITY, INTEREST
## AND AUTHORITY OF AMICUS

With over thirty years experience in the field of constitutional law, amicus Victor Williams has served as a law professor and attorney. Amicus has held appointments at the City University of New York's John Jay College of Criminal Justice, Catholic University of America's Columbus School of Law, and the University of Maryland's Casey Law School. Professor Williams has researched and widely published including in the areas of constitutional law, presidential selection, and the federal appointments process. Amicus's published scholarship and commentary has offered support for the appointment prerogatives of five presidents (without regard to their party affiliation). From late 2015 to present, Professor Williams has been a zealous supporter of Donald J. Trump and his America First movement including founding "Law Professors for Trump." Williams has authored numerous amicus curiae briefs, academic essays, and popular opinion pieces supporting Trump and his administration's policies. Williams is most recently Founder and Senior Counsel of the Article II Project. In support of appellant-defendant Trump, amicus now submits this brief together with a timely Motion requesting leave of the Court to appear as amicus. Counsel for appellant Donald J. Trump consented to the filing of this amicus brief however counsel for the appellee United States did not respond to a request.

## ARGUMENT

Amicus Professor Victor Williams fully supports appellant Donald J. Trump's arguments that official-act presidential immunity and double-jeopardy prohibitions shield him from all criminal allegations brought below by the Department of Justice's "Special Counsel" Jack Smith.

Amicus reminds that the 1787 Constitutional Convention delegates rejected a proposal that the President be chosen by the national legislature for a single, seven year term. Our Republic's Framers also rejected the idea that the President be elected by a national popular vote. Ultimately, the Framers crafted a peculiar selection process (decidedly not a national popular election) by which free-agent electors in each state (chosen directly by state legislatures or by an electoral method designed by each state legislature) would first have opportunity to select the President. And, if a majority of those electors fail in their selection duties then the national legislature makes the selection. In such a congressional default selection process, as refined by the Twelfth Amendment, the U.S. House, voting in state delegations, chooses the President and the U.S. Senate choses the Vice President. *See* Clinton Rossiter and Richard B. Morris, 1787:THE GRAND CONVENTION (1987). The complicated, peculiar nature of the selection process was manifest as late as 2020 when the U.S. Supreme Court sought to avoid

"chaos" by curbing free-agent elector discretion. *See Chiafalo v. Washington*, 140 S. Ct. 2316 (2020).

Most relevant to the issue of presidential immunity: The 1787 Constitution allows not a single seven year term but multiple four-year terms. Our Constitution's text thus charges the incumbent President to faithfully safeguard the complicated legal regimes and constitutional processes that govern his/her very own presidential reselection. If such dichotomy presents a conflict of interest, it is the Constitution's textual that conflict to allows an incumbent President to seek reselection.

President Donald Trump was thus fulfilling his take care duties in this complicated, peculiar constitutional sphere: 1. When exposing the illegalities and irregularities of certain state elector selection processes: 2. When advocating for the prudence of presenting alternative slates of electors in those certain states; 3. When exploring direct state legislature elector appointments in those certain states; 4. When schooling his own Vice President and the public-at-large about the January 6, 2020 congressional electoral-slate certification processes; and 5. When preparing for the possibility of a contingent U.S. House selection process.

Donald Trump's actions and movements faithfully executing the law and our Constitution's peculiar presidential selection scheme were made as official acts

3

of the Executive and thus fell squarely within inherent presidential immunity protection. *See Nixon v. Fitzgerald*, 457 U.S. 731 (1982).

Appellant's acquittal in a subsequent Senate impeachment trial resulting from partisan U.S. House mischaracterizations of these same official-act, take-care activities reinforces that immunity understanding and adds a double-jeopardy protection. President Trump was faithfully executing the law while he was at the same time assertively seeking reselection by our complicated constitutional selection processes. Appellant was judged by the Senate sitting as the nation's High Court of Impeachment to have not committed any criminal wrongdoing.

It is hard not to view the prosecution below as just another partisan mischaracterization of appellant conduct as wrongful – using any means necessary. It was recently revealed that Jack Smith appropriated and would at trial exploit President Donald Trump' smart phone data from when our Commander-in-Chief was still in office. *See* Jeff Mordock, *Seizure of Trump's Smart Phone Puts Special Counsel in Uncharted Water*, WASH. TIMES (Dec. 29, 2023).

In contrast with certain amici arguments made on behalf of appellee, amicus Williams emphasizes that the Executive Vesting Clause bolsters, rather than undercuts, appellant Trump's immunity arguments. U.S. Const. art. II, § 1 cl. 1. Neither the state popular election results in early November 2020 nor the state-by-

state meeting of electors in mid December 2020 diminished Donald J. Trump presidential powers or his inherent presidential immunities. Nor did the Congress's January 6, 2021 elector certification proceedings diminish those powers or immunities. All executive responsibilities and immunities were vested in one person – Donald J. Trump – until noon January 20, 2021 triggered a peaceful transfer of power. *Id.* amend. XX, § 1.

Certain appellee supporting amici present a parade of horribles fantasizing about a future President abusing presidential immunity to remain in office past his/her four year term. These hypotheticals are strangely overstated. Similarly, these amici descriptions of appellant's official actions as foul crimes and as threats to democracy border on the absurd. Manifestations of "Trump derangement syndrome" may have become standardized in American public intellectual discourse but they are not reasoned legal analysis. Even when such pathology emanates from ex-administration officials or a former U.S. Solicitor General, it is to be discounted for what it is.

As a related, threshold matter, amicus must also respectfully raise the inconvenient constitutional truth that the underlying criminal prosecution is itself illegitimate as private citizen Jack Smith does not hold a valid appointment to speak for, or act on behalf of, the U.S. Department of Justice (DOJ). The instant

5

appeal presents opportunity for this Court to revisit it's anemic and erroneous analysis in *In Re Grand Jury Instructions*, 916 F.3d 1047 (D.C. Cir. 2018).

For the past 13 months, Jack Smith has asserted the authority, independence, and unchecked power of an "Uber-U.S. Attorney" – one with national jurisdiction and prosecutorial responsibility significantly greater than that of a presidentially-appointed Untied States Attorney. *See* Kimberly Strassell, *The Unprecedented Jack Smith*, WALL. ST. J. (August 23, 2023).

Yet Congress has never created and the President has never appointed (with ordinary Senate confirmation or by unilateral recess commission) any such officer. Indeed, there is no federal statute to be found creating the office or authorizing the appointment of any such Uber-U.S. Attorney titled "Special Counsel."

General Garland may, through DOJ managerial protocols and departmental regulations, legitimately task a presidentially-appointed U.S. Attorney to certain special counsel duties with national jurisdiction. General Garland may use such departmental regulations to hire special counsel assistants to work under a presidentially-appointed U.S. Attorney. However, a mere departmental regulation can not create a stand-alone, Uber-U.S. Attorney office with the independence and authority exercised by Jack Smith. And General Garland certainly heralds both Jack Smith's independence and authority. *See* Sadie Gurman, Alex Leary, and

Deborah Acosta, *Merrick Garland Defends Special Counsel's Independence in Trump Case*, WALL ST. J., June 14, 2023. In furtherance of this argument, Amicus Williams references this Court to the quite thorough amici brief, supporting neither party, lodged in this action by Professors Calabresi and Lawson joined by former Attorney General Edwin Meese.

## CONCLUSION

This Court should accept appellant's immunity and double-jeopardy protection arguments for immediate dismissal of the criminal prosecution below. This Court should rule that Jack Smith's purported appointment as an "Uber-U.S. Attorney" was unconstitutional; private citizen Jack Smith acts without legal authority.

Dated: January 2, 2024

/s/Victor Williams
Victor Williams

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume requirement of Federal Rule of Appellate Procedure 29(d) because this brief contains 1846 words, as determined by the word-count function of Microsoft Word, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii) and D.C Circuit Rule 32(a)(1); and

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: January 2, 2024

/s/Victor Williams
Victor Williams

## CERTIFICATE OF SERVICE

I hereby certify that January 2, 2024, I filed the foregoing through the US Postal Service in hard copy as a *pro se* filer (having found the ECF system unavailable to me) I further certify that parties are served today through the US Postal Service.

Dated this 2nd Day of January, 2024.

/s/Victor Williams
Victor Williams